```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY   )
COMMISSION,                    )
                               )
          Plaintiff,           )
                               )
and                            )    No. 4:07-CV-1638 CEJ
                               )
ROBERTA M. HOLLINS,            )
                               )
          Plaintiff-Intervenor,)
                               )
                               )
          vs.                  )
                               )
CON-WAY FREIGHT, INC.,         )
                               )
          Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Con-Way Freight, Inc. to compel plaintiff the Equal Employment Opportunity Commission (EEOC) to provide discovery responses. The EEOC has responded, and the issues are fully briefed.

**I. Background**

In this action, plaintiff-intervenor Roberta Hollins, an African American woman, alleges that defendant failed to hire her for a Customer Service Representative position on the basis of race, a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. In the motion before the Court, defendant Con-Way Freight, Inc. claims that the EEOC's responses to its requests for admissions and for production of documents are insufficient and that the EEOC's objections to those requests are meritless.

Plaintiff EEOC maintains that its objections are proper, because some requested documents are privileged, while other requests seek irrelevant material that is not calculated to lead to admissible evidence. EEOC also asserts that despite objecting to the requests, it nonetheless has provided responsive material. The Court will consider the disputed requests sequentially.

**II. Legal Standard**

Under Rule 26(b)(1), Fed. R. Civ. P., parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." Breon v. Coca-Cola Bottling Co. of New England, 232 F.R.D. 49, 52 (D. Conn. 2005) (original emphasis). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 935 (8th Cir. 1999), quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).

**III. Discussion**

**A. Defendant's Requests for Admission Nos. 1-24, 30, and 33**

Defendant asks plaintiff EEOC to admit that several people whom it alleges to be Caucasian applied for the Customer Service Representative position; that some of them were interviewed; and

that none of them were hired. Defendant argues that this information is relevant because it shows that other applicants outside the protected class of African Americans were treated the same as Ms. Hollins. Defendant claims that this showing undermines any finding of disparate treatment, pretext, or discriminatory intent.

Plaintiff EEOC objects that these requests are irrelevant, because the alleged failure to hire white applicants has no bearing on whether defendant unlawfully failed to hire Ms. Hollins on the basis of her race. Plaintiff also indicates that it does not know the races of the other applicants, and thus cannot fully answer the requests for admission. EEOC states that it has served defendant with requests for information regarding the applicants. The EEOC states that if the Court overrules its objections to the requests for admission, it will seek information about the other applicants' races after defendant responds to its requests.

**Relevancy of the Information Sought**

Title VII of the Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In the absence of direct evidence of employment discrimination that violates Title VII, a plaintiff must rely on indirect evidence. The indirect method of proof requires the court to apply

the burden-shifting method provided in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The first step is for a plaintiff to make a prima facie case.

A plaintiff establishes a prima facie case of unlawful failure to hire by proving, "(1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class." Arraleh v. County of Ramsey, 461 F.3d 967, 975 (8th Cir. 2006) (citation omitted).

The establishment of a prima facie case raises a presumption of discrimination, and the defendant must "articulate a legitimate, nondiscriminatory reason for its action." Peterson v. Scott County, 406 F.3d 515, 521 (8th Cir. 2005)(citations omitted). The plaintiff then must "demonstrate that the defendant's proffered reasons" for the adverse employment action "are in fact a mere pretext for discrimination." Id., citing St. Mary's Honor Center v. Hicks, 59 U.S. 502, 518 (1993). The ultimate burden of proving discrimination remains with the plaintiff at all times. Id.

The races of the other unsuccessful applicants for the Customer Service Representative position conceivably could be relevant to the issue of pretext. "Instances of disparate treatment can support a claim of pretext" if a plaintiff meets the burden of proving she and the disparately treated applicants were "similarly situated in all relevant respects." E.E.O.C. v. Kohler Co., 335 F.3d 766, 776 (8th Cir. 2003) (citation omitted). "A plaintiff may

prove allegations of disparate treatment by demonstrating that [s]he was treated less favorably than similarly situated employees outside the plaintiff's protected class." Id.(citations omitted).

Plaintiff EEOC cites Marzano v. Computer Services Corp., 91 F.3d 497, 508-9, n. 4 (3d Cir. 1996), in support of its relevancy argument. The cited case does not establish that the race of other applicants is not relevant in failure to hire cases. The Marzano court, instead, hypothesized that the fact that some terminated employees are within the plaintiff's protected group would not be sufficient to prove employment discrimination.

While the race of the other applicants may or may not be probative of discrimination, the Court cannot say that this information is not relevant. The Court will overrule plaintiff EEOC's objections to requests for admission nos. 1-24, 30, and 33. After defendant responds to the EEOC's interrogatories about the other applicants, EEOC must respond to defendant's requests for admissions.

**B. Request for Production No. 4**[1]

Request for Production No. 4 seeks "all documents that the EEOC has received from the Plaintiff-Intervenor or her agents or representatives as part of its investigation into the Charge of Discrimination filed by the Plaintiff-Intervenor or in furtherance of this lawsuit." Def. Mem. Supp. Mot. to Compel, Exh. 3. Plaintiff

---

[1] In the Motion to Compel, defendant erroneously numbered the request as No. 1; the correct number of the request to which plaintiff objected is No. 4.

EEOC objects to the request because the responsive documents include materials which "reflect the EEOC's deliberative processes, attorney-client communications, attorney work product, and materials which constitute part of the conciliation process and are prohibited from disclosure by Section 709(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(e); and by Section 706 of Title VII, 42 U.S.C. § 2000e-5(b)." Id. EEOC has provided non-privileged materials in response to the request.

EEOC also has produced a privilege log identifying the materials withheld and the corresponding privileges protecting them from disclosure. See Mem. in Opp. to Mot. to Compel, Exh. B. The privilege log identifies the following documents that are responsive to defendant's request: No. 54, an undated letter from Roberta Hollins to Harold Emde (the EEOC investigator) regarding conciliation; No. 56, a letter dated March 13, 2008, from Roberta Hollins to EEOC attorney Felix Miller; and Nos. 58-61, 64-65, and 67-69, e-mail correspondence between Felix Miller and Jonathan Berns, Ms. Hollins' attorney.

EEOC claims, and defendant does not dispute, that the e-mail correspondence between Mr. Berns and Mr. Miller is protected by the attorney-client and work product privileges. The Court finds that EEOC justifiably refused to produce these materials.

Regarding Item No. 56, the undated letter from Ms. Hollins, defendant argues that any documents that were not privileged or otherwise immune at the time Ms. Hollins gave them to the EEOC did not become privileged by virtue of their transfer to EEOC. EEOC

responds that Ms. Hollins wrote the letter during the conciliation process, and in it, she stated "what she wanted as a settlement and her rationale for her position." Mem. Opp. Mot. to Compel at 4. EEOC asserts that the letter is undiscoverable under Sections 706 and 709(e) of Title VII of the Civil Rights Act of 1964.

Section 706, 42 U.S.C. § 2000e-5(b), outlines procedures for making charges of discrimination, investigation, and conciliation. The relevant portion provides: "Nothing said or done during and as part of such informal endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned." Id. As the EEOC argues, a plain reading of these provisions leads the Court to conclude that the EEOC is justified in withholding any materials that fall within the statute.

Defendant cites Fisher v. U.S., 425 U.S. 391, 404-405 (1976), for the proposition that documents that were discoverable before Ms. Hollins gave them to the EEOC did not become protected from disclosure upon transfer to EEOC. Fisher, however, concerns attorney-client privilege, and EEOC did not assert attorney-client privilege as a justification for refusing to disclose Ms. Hollins' undated letter. More important, defendant does not dispute EEOC's assertion that the undated letter by Ms. Hollins was written during conciliation. The letter thus falls under Section 706, and the Court finds that the EEOC properly refused to produce the undated letter referenced in Item No. 54 of the privilege log.

Finally, EEOC claims that the attorney-client and work product privileges protect the March 13, 2008 letter from Ms. Hollins to Mr. Miller, the EEOC attorney. Defendant does not dispute this argument, and the Court finds that EEOC properly refused to produce the letter.

### C. Request for Production No. 8

Request for Production No. 8 seeks the following materials:

> For each current or former EEOC employee who has in any way worked on the prosecution of this lawsuit or the investigation of the Plaintiff-Intervenor's underlying Charge of Discrimination <u>and</u> who the Commission or the Plaintiff-Intervenor intends to call as a witness at trial, please produce a copy of any resume or job application submitted by that person to the EEOC for employment as well as copies of any internal performance reviews or disciplinary action taken against that person since January 1, 1997.

EEOC objects that this request is an unwarranted invasion of personal privacy that violates the Privacy Act of 1974, 5 U.S.C. § 552a; and the Office of Personnel Management's Civil Service Regulations, 5 C.F.R. § 293.311(a). EEOC further asserts that the request is contrary to the Case Management Order, which requires parties to identify trial witnesses twenty days before the trial. EEOC also claims that the request is calculated to harass EEOC employees and to undermine the investigation process. Finally, EEOC argues that the materials requested are neither relevant nor calculated to lead to the discovery of admissible evidence.

### Privacy Act

The relevant portion of the Privacy Act provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person,

or to another agency, except . . . with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction.[2]

5 U.S.C. § 552a(b)(11). The Privacy Act thus appears to bar disclosure of the materials requested by defendants.

Defendant asserts that the Privacy Act does not prohibit the disclosure of materials that are otherwise discoverable under the Federal Rules of Civil Procedure. Ezell v. Potter, 2006 WL 1094558 at *2 (N.D. Ind., March 16, 2006). The test of discoverability is the relevance standard of Rule 26(b)(1), Fed. R. Civ P. Id. That standard, in turn, is limited by Rule 26(b)(2)(iii), which allows the court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit." Thus, the Court must balance the burden on EEOC employees against Con-Way's need for the materials.

Plaintiff EEOC has not identified its trial witnesses, and Con-Way's attempt to gather material with which it could impeach as-yet-unidentified witnesses is premature. Even if EEOC employees are scheduled to testify at trial, their personnel files are not necessarily discoverable. "Cases involving the production of personnel files in employment discrimination actions have held that merely because a person may be called as a witness at trial does not justify disclosure of his/her personnel file." EEOC v. Kansas

---

[2] A "system of records" is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

City Southern Railway, 2000 WL 33675756 at *4 (D. Kan., Oct. 2, 2000)(citations omitted).[3] Defendant remains free to depose EEOC employees to gather factual information and to assess the employees as potential trial witnesses. At present, the burden on the EEOC employees outweighs Con-Way's need for the materials, and the Court will not compel EEOC to provide them.

Under the Privacy Act, records may also be disclosed if their disclosure is required by the provisions of 5 U.S.C. § 552, the Freedom of Information Act (FOIA). 5 U.S.C. § 552a(b)(2). The Freedom of Information Act, however, prohibits a government agency from disclosing "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To determine the existence of the § 552(b)(6) privilege, the trial court must balance "the individual's right to privacy against the public's right to information." Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980) (citation omitted). Defendant has not identified a public need for the personnel files, and it is not clear to the Court what right, if any, the public has to the files. The Court thus concludes that the EEOC employees' right to privacy outweighs any speculative public need for the materials.

**Conciliation**

---

[3] The personnel files of employees who are charged with discrimination or who made relevant employment decisions are discoverable. EEOC v. Kansas City Southern Railway, 2000 WL 33675756 at *4.

Defendant argues, in the alternative, that the personnel files would support its claim that the EEOC failed to perform its statutory duty of conciliation. The EEOC responds that defendant in fact intends to attack the sufficiency of the EEOC's investigative process by attacking the credentials and qualifications of EEOC employees who worked on the case. The EEOC asserts that this strategy is not permissible.

A district court is free to assess whether EEOC fulfilled its statutory duty of conciliation. See EEOC v. Trans States Airlines, Inc., 462 F.3d 987, 991 (8th Cir. 2006). "While [conciliation] is a jurisdictional requirement to filing suit, the law requires no more than a good faith attempt at conciliation" by the EEOC. EEOC v. Lockheed Martin Global Telecommunications, Inc., 514 F.Supp.2d 797, 805 (D. Md. 2007). The proper inquiry for this Court is to determine whether EEOC has made an attempt at conciliation, but "the form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." EEOC v. Keco Industries, Inc., 748 F.2d 1097, 1102 (6th Cir. 1984).

The EEOC, moreover, is prohibited from disclosing conciliation materials to the public under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3). FOIA does not prohibit disclosure to the parties involved. J.P. Stevens & Co., Inc. v. Perry, 710 F.2d 136, 139 (4th Cir. 1983). But conciliation materials may not be used "as evidence in a subsequent proceeding without the written

consent of the persons concerned." 42 U.S.C. § 2000e-5(b); <u>Greene v. Thalhimer's Dept. Store</u>, 93 F.R.D. 657, 661 (D.C. Va. 1982). <u>See also</u> <u>Olitsky v. Spencer Gifts, Inc.</u>, 842 F.2d 123, 126 (5th Cir. 1988).

The Court is not persuaded that the personnel files of EEOC employees -- including resumes, applications, and records of disciplinary proceedings -- are relevant to whether the EEOC fulfilled its statutory duty of conciliation. The Court, as explained above, can make only a limited inquiry into the sufficiency of the conciliation process. This limited inquiry does not extend to the materials requested by defendant. The Court will not compel the EEOC to produce the materials requested in defendant's request for production no. 8.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Con-Way to compel [# 21] is **granted in part** and **denied in part,** as set forth above.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of August, 2008.