UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ROBERTA M. HOLLINS, | ) No. 4:07-CV-1638 (CEJ) ) |
| Plaintiff-Intervenor, | ) ) |
| vs. | ) ) |
| CON-WAY FREIGHT, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the bill of costs and motion for an award of attorneys' fees filed by defendant Con-Way Freight, Inc. (Con-Way). Plaintiff Equal Employment Opportunity Commission (EEOC) and plaintiff-intervenor Roberta M. Hollins (Hollins) (collectively "plaintiffs") jointly oppose the motions, and the issues are fully briefed.

After an investigation and unsuccessful conciliation efforts, the EEOC filed this action against Con-Way on behalf of Hollins, an African-American woman, alleging that Con-Way discriminated against Hollins on the basis of race by failing to hire her for a part-time Customer Service Representative (CSR) position in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, *et seq*. The Court then granted Hollins leave to intervene in this action. In her complaint, Hollins alleges that Con-Way discriminated against her on the basis of race in violation of Title VII, 42 U.S.C. § 1981, and the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. § 213.055.

Con-Way then moved for summary judgment on all of plaintiffs' race discrimination claims. On June 17, 2009, the Court granted summary judgment in favor of defendant on plaintiffs' claims. On July 1, 2009, Con-Way filed its bill of costs and motion for attorneys' fees.

I. **Con-Way's Bill of Costs**

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs-other than attorney's fees-shall be allowed as a court to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Costs that can be taxed by the judge include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the cases;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

There is no dispute that Con-Way is the prevailing party. In its bill of costs, Con-Way seeks to recover (a) fees of the clerk; (b) court reporter fees; (c) legal research expenses; and (d) witness fees.[1] The Court will address each item in turn.

---

[1]In its reply memorandum in support of its bill of costs, Con-Way withdrew its request for (1) exemplification and copy fees, and (2) mediation expenses. (Doc. #74, at 8). However, Con-Way asks the Court to consider its mediation costs "as attorneys['] fees for [the] purpose[] of Con-Way's pending Motion for Attorneys' Fees against Plaintiffs." Id. (citing Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1134 (E.D. Mo. 1998), and noting "that requested cost in [the] prevailing party's

- 2 -

A.  *Pro Hac Vice* Fees

Plaintiffs object to Con-Way's request for fees that the Clerk of Court charged Con-Way's counsel for admission *pro hac vice* in the amount of $100.00. The Eighth Circuit recently held "that *pro hac vice* fees are recoverable as fees of the clerk under § 1920." Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009). As such, the Court will tax plaintiffs $100.00 for Con-Way's *pro hac vice* fee.

B.  **Deposition Costs**

Plaintiffs argue that Con-Way should not recover the costs for the deposition of Angela Patterson (Patterson), Harold Emde (Emde), or Anthony Godwin (Godwin) because "[d]efendant never used these depositions in connection with its motion for summary judgment." (Doc. #70, at 3). Consequently, plaintiffs contend "such depositions were not necessarily obtained for use in the case[.]" Id. The Eighth Circuit holds that the determination of whether a deposition was necessary for use in an action "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (citations omitted). Because Con-Way states that the Patterson, Emde, and Godwin depositions were critical to Con-Way's defense, and because both plaintiffs and Con-Way identified these individuals on their witness lists, the Court believes that these depositions were necessary for use in this action.

The Court will now address Con-Way's costs for the nine depositions on its bill of costs.

1.  **Hollins's Deposition**

---

bill of costs was not recoverable under Section 1920(4) but awarded the cost pursuant to party's motion for attorneys['] fees.").

Plaintiffs object to the costs for the deposition of Hollins in the amount of $759.57 on the grounds that it includes interest in the amount of $22.12, and that the invoice fails to itemize all the charges. In reply, Con-Way submitted an itemized invoice. See (Doc. #74-8, at 2). Con-Way has also withdrawn $107.07 of its request, including (1) $22.12 for interest; (2) $19.95 for exhibits; and (3) $65.00 for the CD-ROM. (Doc. #74, at 6). " Section 1920 does not authorize taxing [the non-prevailing party] for the [prevailing party's] postage and delivery expenses." Litecubes, L.L.C. v Northern Light Products, Inc., No. 4:04CV00485 ERW, 2006 WL 5700252, *16 (E.D. Mo. Aug. 25, 2006) (quoting Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006)). See also Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421, 439 (E.D. Mo. 1984) (holding that prevailing party's request for postage fees were not taxable as costs). As such, the Court will deduct $15.00 for "delivery/postage" from Con-Way's request. The Court, therefore, will tax plaintiffs $637.50 for (1) Hollins's appearance at the deposition in the amount of $60.00, and (2) the deposition transcripts in the amount of $577.50.

2.  **Kevin Beer's Deposition**

In its bill of costs, Con-Way seeks $423.05 associated with the deposition of Kevin Beer (Beer), which includes: (1) $381.15 for transcript copies; (2) $7.50 for "exhibit archiving"; (3) $24.40 for exhibits; and (4) $10.00 for shipping and handling. (Doc. #69-2, at 9). Con-Way has withdrawn its request for the archiving and exhibit fees. Because delivery expenses are not taxable, the $10.00 shipping and handling fee will be deducted. The plaintiffs will be taxed $381.15 for transcript copy costs.

3.  **Ken Gaffney's Deposition**

Con-Way next seeks $2,014.15 for the deposition of Ken Gaffney (Gaffney), which includes (1) $1,366.80 for copies of Gaffney's deposition transcript; (2) $110.00

for Gaffney's appearance at the deposition; (3) $77.35 for black and white exhibits; (4) $275.00 for the synchronized video-picture book; (5) $65.00 for the CD-ROM; (6) $5.00 for colored exhibits; (7) $15.00 for delivery/postage; and (8) $100.00 for two synchronized video DVDs. (Doc. #69-2, at 11; #74-2, at 2). Plaintiffs complain that Con-Way is not entitled to recover $100.00 for the DVDs. In its reply memorandum, Con-Way has withdrawn $522.35, which includes the costs for (1) black and white exhibits; (2) colored exhibits; (3) a CD-ROM; and (4) synchronized picture book and DVDs.[2] Because delivery expenses are not recoverable, Con-Way is only entitled to recover the costs for the transcript copies and Gaffneys' appearance at the deposition. As such, the plaintiffs will be taxed $1,476.80 for Gaffney's deposition.

4. **Gary Sellers's Deposition**

Con-Way seeks $352.80 for the deposition of Gary Seller (Seller), which includes: (1) $311.85 for transcript copies; (2) $7.50 for exhibit archives; (3) $23.45 for exhibit scanning; and (4) $10.00 for shipping and handling. (Doc. #69-2, at 12). Plaintiffs object to Con-Way's request for exhibit archiving and scanning as well as its shipping and handling costs. Con-Way has withdrawn its request for fees incurred by exhibit archiving and scanning. The $10.00 shipping and handling charge will be deducted. Consequently, only the $311.85 for transcript copies will be taxed.

5. **Deborah McAtee's Deposition**

---

[2]In its reply memorandum, Con-Way does not explicitly state that it withdraws its request for the cost of the two synchronized video DVDs; however, Con-Way states that it withdraws $522.35. To calculate this number, Con-Way added together $77.35 (black and white exhibits), $275.00 (synchronized video-picture book), $65.00 (colored exhibits), $5.00 (delivery/postage), and $100.00 (two synchronized video DVDs).

Con-Way requests $214.50 for transcript copies of Deborah McAtte's deposition. (Doc. #69-2, at 12). Because plaintiffs filed no objection, and such costs are permitted under § 1920(2), the plaintiffs will be taxed $214.50 for this deposition.

6. **Harold Emde's Deposition**

Con-Way next seeks to recover $1,317.75 representing costs associated with the deposition of Emde. Plaintiffs' sole objection to these deposition expenses is that Con-Way failed to provide an itemized invoice of the costs. In reply, Con-Way submitted an itemized invoice. See (Doc. #74-7, at 2). Con-Way has also withdrawn its request for (1) $49.00 for black and white exhibits, and (2) $65.00 for a CD-ROM. The Court will deduct $35.00 for delivery and postage charges. As such, the Court finds that Con-Way is only entitled to recover the costs for (1) Emde's appearance at the deposition in the amount of $160.00 and (2) the transcript costs in the amount of $1,008.75. The plaintiffs will be taxed $1,168.75 for Emde's deposition.

7. **Paul Frayer's Deposition**

Con-Way requests $421.75 for the deposition of Paul Frayer (Frayer), which includes: (1) $404.25 for transcript copies; (2) $7.50 for exhibit archives; and (3) $10.00 for shipping and handling. (Doc. #69-2, at 14). Plaintiffs object to Con-Way's costs for exhibit archives and shipping and handling. Con-Way has withdrawn its request for costs for the exhibit archives, and the shipping and handling expenses are not recoverable in this Circuit. As such, only the transcript costs of $404.25 will be taxed.

8. **Anthony Godwin's Deposition**

As with the costs for McAtee's deposition, Con-Way only requests costs for transcript copies of Anthony Godwin's deposition. (Doc. #69-2. at 15). Because

plaintiffs filed no objection to this expense, and such costs are permitted under § 1920(2), the Court will tax plaintiffs $174.90 for this deposition.

### 9. Angela Patterson's Deposition

Finally, Con-Way seeks $187.15 for Patterson's deposition, which includes (1) $146.85 for copies of Patterson's deposition transcripts; (2) $7.50 for exhibit archives; (3) $22.80 for black and white exhibits; and (4) $10.00 for shipping and handling. (Doc. #69-2, at 15). Plaintiffs object to Con-Way's request for costs for the black and white exhibits as well as the exhibit archives. Con-Way has withdrawn its requests for the costs associated with the exhibits, and, as stated above, shipping and handling fees are not recoverable under § 1920(2). Thus, only the $146.85 cost for deposition transcripts will be taxed.

### C. Legal Research Costs

Plaintiffs also object to Con-Way's inclusion of $71.04 for computerized legal research costs. Legal research expenses are not listed in § 1920. Furthermore, the Eighth Circuit holds that "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be taxed as an item of cost in addition to the attorneys' fee award." Standley, et al., v. Chilhowee R-IV Sch. Dist., et al., 5 F.3d 319, 325 (8th Cir. 1993) (citing Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983)). Thus, the Court will deny Con-Way's request for computerized research expenses in the amount of $71.04.

### D. Witness Fees

Finally, Con-Way requests witness fees in the amount of $126.92, which includes $91.92 for Ken Gaffney's deposition, and a $32.00 "stop payment fee" for a check

issued to Patterson for her attendance at trial.[3] (Doc. #69-2, at 3; #74, at 7). Plaintiffs only object to Con-Way recovering the "stop payment fee." Section 1920(3) explicitly provides for witness fees. Furthermore, the Eighth Circuit holds that "[a] district court may award witness fees if it determines that the witness's testimony 'was crucial to the issues decided and the expenditures were necessary to the litigation.'" Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 763 (8th Cir. 2006) (citing Neb. Pub. Power Dist. v. Austin Power, Inc., 773 F.2d 960, 975 (8th Cir. 1985)). The Eighth Circuit also notes that "[t]he [Bill of Costs] Handbook provides that witness fees will not be taxed if the witness is subpoenaed for trial but does not testify, or if the witness is deposed but the transcript is not used at trial or in support of a motion." Marmo, 457 F.3d at 763 (citation omitted).

Here, "[a]long with the subpoena[, Con-Way] served [Patterson with ] the . . . mileage fees in the form of a check[.]" (Doc. #74, at 7). After the Court entered its Memorandum and Order granting Con-Way's motion for summary judgment on all of plaintiffs' claims, Con-Way placed a stop-payment order on Patterson's check. Although Con-Way claims that it subpoenaed Patterson to testify at trial because her testimony was crucial to its defense, no trial occurred in this action. Thus, the Court finds that Con-Way is not entitled to recover the $32.00 stop-payment fee, and concludes that Con-Way shall only recover witness fees in the amount of $91.92.

\* \* \* \* \* \*

---

[3]In its bill of costs, Con-Way states that the stop-payment fee was $35.00; however, the supporting documents indicate that UMB Bank only charged Con-Way $32.00 for issuing a stop-payment order on Ms. Patterson's check. See (Doc. #69-2, at 23).

In conclusion, the total amount to be taxed to plaintiffs is $5,016.55, representing the *pro hac vice* filing fee of $100.00 and the deposition costs totaling $4,916.55.

II.   **Con-Way's Motion for Attorneys' Fees**

In addition to the costs listed in its bill of costs, Con-Way seeks $384,666.99 in attorneys' fees, pursuant to Title VII, 42 U.S.C. § 2000e-5(k), 42 U.S.C. 1988, Local Rule 8.02, and Rule 54 of the Federal Rules of Civil Procedure. Con-Way seeks such fees based on plaintiffs' discrimination claims under § 1981, Title VII, and the MHRA.

Section 1988 provides that, "[i]n any action or proceeding to enforce a provision of section [] 1981, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. 1988(b). "A similar provision appears in § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), and the two provisions have been held to be coterminous." Bond v. Keck, 629 F.Supp. 225, 226 (E.D. Mo. 1986) (citation omitted).

In Christiansburg Garment Co. v. EEOC, the United States Supreme held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 434 U.S. 412, 421 (1979). "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. Additionally, a prevailing defendant may be awarded attorney's fees "if a plaintiff continued to litigate after [the action] clearly became so." Id. at 422. However, "[s]o long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may *not* recover attorneys'

fees." Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers, 26 F.3d 842, 848 (8th Cir. 1994) (emphasis in original) (quoting EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir. 1987)).

"This Court has previously held that the Christiansburg standard, which applie[s] to awards of attorney's fees to prevailing Title VII defendants, also applies to the analysis of attorney's fee claims under the MHRA." Hartig v. Prof'l Laundry Mgmt. Sys., Inc., 33 F.Supp.2d 817, 819 (E.D. Mo. 1999) (citations omitted). Because Con-Way seeks attorneys' fees for plaintiffs' claims under § 1981, Title VII, and the MHRA, the Court will apply the Christiansburg standard to Con-Way's motion.

"To be a prevailing party, [one] must 'succeed on any significant issue in litigation which achieves some benefit [one] sought in bringing suit.'" Allen v. Tobacco Superstore, Inc., 475 F.3d 931, 944 (8th Cir. 2007) (citing Forest Park II v. Hadley, 408 F.3d 1052, 1059, (8th Cir. 2005), and quoting Farrar v. Hobby, 506 U.S. 103, 109 (1992)). Because the Court granted summary judgment in Con-Way's favor on all of plaintiffs' claims for racial discrimination, Con-Way is a prevailing party.

### A. Plaintiffs' Race Discrimination Claims

The next issue is whether Con-Way, as the prevailing defendant, is entitled to an award of attorney's fees for each of plaintiffs' race discrimination claims under the Christiansburg standard.

#### 1. Section 1981 and Title VII Claims for Direct Race Discrimination

The Court believes that plaintiffs' direct race discrimination claims, pursuant to § 1981 and Title VII, were not frivolous or unfounded. Indeed, the Court found that "[t]here was no direct evidence of race discrimination." (Doc. #65, at 10). However, the record indicates that plaintiffs had "some basis" for asserting a direct race

discrimination claim when they filed their complaints. Plaintiffs alleged that Kevin Beer made a statement that Gaffney would be "opening up a can of worms" if Gaffney hired Hollins and that Con-Way subsequently chose not to hire Hollins for the CSR position. Plaintiffs asserted that this constitutes direct evidence of discrimination. Although Con-Way terminated Beer's employment before he decided whether to hire Hollins for the CSR position, the Court finds that plaintiffs had "some basis" for their direct discrimination claim based on Beer's alleged statement and Con-Way's decision not to hire Hollins.

2. Section 1981 and Title VII Claims for Indirect Race Discrimination

Similarly, the record indicates that plaintiffs' claims for indirect race discrimination, pursuant to § 1981 and Title VII, were not frivolous and totally unfounded. Hollins was a member of a protected class, was denied the CSR position, and Con-Way hired a person outside the protected class. See (Doc. #65, at 11). Although the Court ultimately found "that Con-Way has a well-established policy of disqualifying applicants based on theft-related convictions," (Doc. #65, at 12), plaintiffs had "some basis" to claim that Hollins was qualified for the CSR position at Con-Way's Poplar Bluff, Missouri, facility, despite her 1982 and 1984 misdemeanor shoplifting convictions. (Doc. #65, at 4). First, Con-Way invited Hollins to reapply for the CSR position after she submitted her application that disclosed her theft convictions. Second, the Con-Way's discovery documents revealed that "all of the Missouri criminal record searches [only] show[ed] a search period of seven years[.]" (Doc. #75, at 9; #77, at 6). Thus, the Court believes that plaintiffs had "some basis" to argue that Hollins was qualified for the CSR position, and, thus, had "some basis" for asserting their indirect race discrimination claim under § 1981 and Title VII.

### 3. MHRA Race Discrimination Claim

Additionally, the Court finds that plaintiffs' race discrimination claim under the MHRA was not frivolous, unreasonable or without foundation. To establish a MHRA failure-to-hire claim based on race, a plaintiff must show that (1) the defendant failed to hire plaintiff; (2) race was a contributing factor to defendant's failure to hire plaintiff; and (3) plaintiff sustained damage as a direct result of defendant's hiring decision. See (Doc. #65, at 13, citing Lomax v. DaimlerChrysler Corp., 243 S.W.3d 474, 479-80 (Mo. Ct. App. 2007) (citations omitted)). Just as with plaintiffs' race discrimination claim based on § 1981 and Title VII, the Court believes that it was reasonable for plaintiffs to believe that Beer's alleged statement contributed to Con-Way's decision not to hire Hollins. Furthermore, plaintiffs alleged that Hollins sustained damages as a direct result of Con-Way's failure to hire her. The Court, therefore, believes that plaintiffs had "some basis" for asserting a MHRA claim for race discrimination.

Because Con-Way does not contend that plaintiffs filed this action in subjective bad faith, the Court concludes that an award of attorneys' fees to Con-Way is inappropriate.

### B. Conciliation Efforts

Finally, Con-Way argues that the EEOC's failure to conciliate in good faith serves as an additional basis for the Court to award attorneys' fees. The Court notes that:

> Conciliation is "an integral part of Title VII." The purpose of conciliation is to provide defendant notice of a claim, provide an opportunity to respond to the claim, and avoid expensive time-consuming court actions. Additionally, the EEOC must conciliate in good faith in an "'attempt to achieve a negotiated settlement' of charges brought under Title VII[.]"

EEOC v. Trans State Airlines, Inc., 356 F.Supp.2d 984, 1001 (E.D. Mo. 2005) (internal citations omitted).

After an investigation, the EEOC submitted a settlement demand to Con-Way on behalf of Hollins. (Doc. #68-9). Con-Way refused to agree to the proposed settlement. Additionally, the EEOC asked Con-Way to make a counter-offer. In a letter dated July 26, 2007, Con-Way stated that "[EEOC's] proposal clearly signaled that the parties were worlds apart with respect to their understanding of the facts and how this matter should be valued." (Doc. #68-14, at 2). Con-Way further explained that "[i]t [was] clear that this [action was] not a $339,000 matter, and discussions regarding such value would not be fruitful." Id. Then, on September 7, 2007, the EEOC filed this action. Notwithstanding the EEOC's failure to inform Con-Way about the identity of its star witness, the Court finds that the EEOC's conciliatory efforts were in good faith and do not justify an award of attorney's fees. See Trans States Airlines, 356 F.Supp.2d 984 (holding that the EEOC's and the plaintiff's conciliatory effort did not justify awarding the defendant attorney's fees).

Accordingly,

**IT IS HEREBY ORDERED** that the bill of costs filed by defendant Con-Way Freight, Inc. [Doc. #69] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the plaintiff Equal Employment Opportunity Commission and plaintiff-intervenor Roberta M. Hollins shall pay costs to the defendant in the sum of $ 5,016.55.

IT IS FURTHER ORDERED that the defendant's motion for an award of attorneys' fees [Doc. #67] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2010.